IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUAN ANTONIO HERNANDEZ, | ) | |
| | ) | |
| Petitioner, | ) | 4:14CV3172 |
| | ) | |
| v. | ) | |
| | ) | |
| DIANE SABATKA-RINE, | ) | MEMORANDUM OPINION |
| Warden, Nebraska State | ) | |
| Penitentiary, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on respondent Diane Sabatka-Rine's ("Respondent") Motion for Summary Judgment (Filing No. 14), and petitioner Juan Antonio Hernandez's ("Petitioner") "Motion for Concession" (Filing No. 16). As set forth below, the Court will dismiss the petition with prejudice because it is barred by the statute of limitations.

I.  BACKGROUND

Petitioner pled guilty to first degree sexual assault and child abuse on May 4, 2010, in the District Court of Dakota County, Nebraska ("state district court") (Filing No. 13-2 at CM/ECF pp. 36-37).  On June 8, 2010, the state district court sentenced petitioner to 16-17 years imprisonment on the sexual assault charge, and 18-20 months imprisonment on the child abuse charge (Filing No. 13-1 at CM/ECF p. 10).  Petitioner did not

file a direct appeal from his conviction and sentence. He filed a motion for postconviction relief in the state district court on August 6, 2012, which the state district court denied in orders dated October 23, 2012, and July 12, 2013 (Filing No. 13-2 at CM/ECF pp. 13-38).

Petitioner filed his habeas corpus petition in this court on August 21, 2014 (Filing No. 1). Respondent moved for summary judgment on January 28, 2015 (Filing No. 14). Thereafter, petitioner "move[d] to concede his motion for habeas courpus [sic]" on February 25, 2015 (Filing No. 16).

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "The statute of limitations is tolled while state post-conviction or other collateral review is pending." *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing 28 U.S.C. § 2244(d)(2)).

Respondent argues petitioner's habeas corpus petition is barred by the limitations period set forth in 28 U.S.C. § 2244(d). Respondent set forth the following in her brief:

> The state district court entered its judgment on June 10, 2010, and, because Petitioner did not appeal from that judgment, his convictions became final on July 10, 2010 (i.e., upon the expiration of the time for seeking direct review). See Neb. Rev. Stat. § 25-1912(1) (Reissue 2008) (stating a defendant must file an appeal within 30 days after the district court enters its judgment). As such, the Petitioner had one year, or until July 10, 2011, to file his habeas petition. He failed to do so. And because Petitioner filed his postconviction motion on August 6, 2012 -- more

-3-

> than one year after the limitations period in § 2244(d) had expired -- said motion did not toll the time for filing Petitioner's habeas petition.

(Filing No. 15 at CM/ECF pp. 2-3.)  After respondent filed her summary judgment motion, petitioner "move[d] to concede" his habeas corpus petition (*See* Filing No. 16).

      The Court has carefully reviewed the parties' submissions and the state court records and agrees that petitioner's habeas corpus petition is barred by the limitations period set forth in § 2244(d).  Petitioner has not presented the Court with any reason to excuse him from the procedural bar of the statute of limitations.  Accordingly, the Court finds petitioner is not entitled to relief in this case.  A separate order will be entered in accordance with this memorandum opinion.

      DATED this 18th day of May, 2015.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.